IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY**, an Illinois Corporation, | Civ. No. 1:12-cv-01669-CL |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| **FRANK PATSCH** and **JACKLYN PATSCH**, | |
| Defendants. | |

CLARKE, Magistrate Judge.

This matter comes before the court on a Stipulated Money Judgment (#6) filed by the Plaintiff State Farm Fire and Casualty Company ("State Farm") and signed by Defendant Jacklyn Patsch ("Patsch"). Defendant Frank Patsch has not appeared, and he does not join in the stipulated agreement. For the reasons below, the Stipulated Money Judgment should be affirmed and entered, and judgment should be awarded to Plaintiff and against Defendant Jacklyn Patsch for the sum of $236,624.71.

///

Page 1 – REPORT AND RECOMMENDATION

## DISCUSSION

The parties have filed a Stipulated Judgment awarding judgment to the plaintiff, State Farm, against defendant Jacklyn Patsch. State Farm claims the judgment is based on the following set of facts, as alleged in the Complaint (#1), and defendants have not disputed them.

Defendants owned real property, on which a house was located, in Midland, Oregon. Prior to January 14, 2007, the defendants obtained a homeowner's insurance policy from State Farm, which covered the real property, the house, and the contents of the house against loss occasioned by fire. On January 14, 2007, a fire occurred at the defendants' house, causing damage to the house and the personal property inside. After the fire, the defendants made claims under the insurance policy for that damage. Based on these claims, State Farm paid the defendants a total sum of $226,624.71.

State Farm claims that, subsequent to paying the defendants on the insurance policy, it discovered that defendants had concealed and misrepresented facts material to their insurance claims. As a result, State Farm asserts that it overpaid them by at least $86,639.53.

State Farm filed this action alleging that the misrepresentations in the defendants' claims voided the insurance policy from the date of the fire, January 14, 2007; therefore the defendants should repay the entire sum State Farm paid to them under the policy, or $226, 624.71. According to the Complaint (#1), this claim is based on the following language of the policy:

1. All statements made by you or on your behalf, in the absence of fraud, will be deemed representations and not warranties. . .
   \*   \*   \*
2. In order to use any representation made by you or on your behalf in defense of a claim under the policy, we must show that the representations are material and that we relied on them.
3. Subject to items 1. And 2. Above, this entire policy will be void:
   a. if, whether before or after a loss, you have willfully concealed or misrepresented any material fact or circumstance concerning:
      (1) this insurance or the subject of it;

      (2) your interest in it; or
    b. in the case of any false swearing by you relating to this insurance.

Because the defendants are not represented by legal counsel, and have not appeared in this matter, the court directed legal counsel for the plaintiff State Farm to prepare a memorandum stating the authority that supports enforcement of the above provision of the policy. Plaintiff's counsel submitted the memorandum (#9), and after reviewing it, I am satisfied that Oregon law supports the proposition that a material misrepresentation by the claimant, such as a forged or altered receipt, provides a basis to void the insurance policy. See ORS § 742.208. To do so, the insurer must show that the insured willfully or intentionally misrepresented and/or concealed a material fact. Arthur v. Palantine Ins. Co., 35 Or. 27, 30, 57 P. 62 (1899); Herron v. Millers Nat. Ins. Co., 185 F. Supp. 851, 853 (D. Or. 1960); Hendrickson v. Home Ins. Co., 237 Or. 539, 543, 329 P.2d 324 (1964). A single misrepresentation of material fact is enough to void the entire policy. Fowler v. Phoenix Ins. Co. of Hartford, Conn., 35 Or. 559, 564-68, 57 P. 421(1899); Hendrickson, 237 Or. at 242 n.1.

Because the policy may be deemed void based on a misrepresentation of material fact, and defendants do not dispute that they made such a misrepresentation, judgment for State Farm should be affirmed. According to the Stipulated Judgment, Jacklyn Patsch agrees that judgment should be entered against her for $236,624.71. This number represents the total sum that State Farm paid to defendants under the policy, plus $10,000 for "damages for the costs and expenses incurred by Plaintiff in investigating this matter, including attorney's fees." Because this amount is not unreasonable, and is stipulated by the parties, the court should not disturb it.

In an action presenting more than one claim for relief, or when multiple parties are involved, Federal Rule of Civil Procedure 54(b) requires the court to make an express determination that there is no reason for delay before it directs entry of a final judgment as to

fewer than all the claims or parties. "Otherwise, any order or other decision that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). In this case, the Stipulated Judgment applies to only one of the two defendants. The second defendant, Frank Patsch, has not appeared in this matter and does not join in the stipulation. However, it is unlikely that he will be prejudiced by this stipulation, and I can find no reason for delay in entering final judgment against Jacklyn Patsch.

## RECOMMENDATION

For the reasons above, the Stipulated Judgment (#6) against defendant Jacklyn Patsch should be affirmed and entered on behalf of the plaintiff, State Farm.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. **Objections to this Report and Recommendation, if any, are due no later than fourteen (14) days from the date of this recommendation. If objections are filed, any response is due fourteen (14) days from the date of the objections.** See Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this 31 day of January, 2013.

MARK D. CLARKE
United States Magistrate Judge